**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------
JUSTIN E. BAERGA,

                               **21-CV-5762**

                 Plaintiff,             **COMPLAINT**

         -against-                    **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK, a municipal entity; MAYOR
BILL DE BLASIO, NEW YORK CITY POLICE
COMMISSIONER DERMOT SHEA,
SUPERVISORY OFFICERS SALLY ROES; POLICE
OFFICER WNOROWSKISG;
POLICE OFFICER MOLE; NEW YORK CITY POLICE
OFFICERS "JOHN DOES"

                 Defendants.
-----------------------------------------------------------------

 Plaintiff Justin E. Baerga, by his attorney Poupa Jenny Marashi, Esq., for his complaint, alleges

as follows:

<u>**NATURE OF THE ACTION**</u>

1.  This is an action against the Defendant parties, for the violation of the Plaintiff's federally

guaranteed constitutional and civil rights, secured by the Civil Rights Act of 1871, 42 U.S.C. §

1983, the First, Fourth, and Fourteenth Amendments, to the United States Constitution, and the

violation of the American with Disabilities Act (42 U.S.C. §12131 *et seq.*) (The "ADA"), and

Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794) (the "Rehabilitation Act"), as

well as New York State Law Claims and New York City Human Rights Law, N.Y.C. Admin.

Code § 8-101 *et seq.*

1

2.  This case arises out of the excessive use of force by Defendant Officers on Plaintiff, Mr. Justin E. Baerga who is legally disabled due to a mental condition.

3.  The New York Police Department (NYPD) refers to such individuals interchangeably as either "mentally ill" or "Emotionally Disturbed Person" ("EDP").

2.  Many of Defendants interactions with Plaintiff (not the use of excessive force which was not expressly permitted) are dictated by "NYPD Patrol Guide Policy 221-13: Mentally Ill or Emotionally Disturbed Persons" ("Policy 221-13"), which essentially allows the NYPD to take into custody anyone it deems mentally ill/EDP. Such gross discrimination is permitted either because Policy 221-13 necessarily prescribes such action and is unconstitutional/discriminatory on its face.  It states in relevant part "If the EDP is unarmed, not violent, and willing to leave voluntarily, uniformed member of the service may take such person into custody." Alternately, Policy 221-13 is unconstitutional and discriminatory because it permits a practice/custom interpreting it to permit officers to take into custody an individual just for being mentally ill. Often, as with Plaintiff, it leads to the unconstitutional use of force to get them into such custody.

3.  When policies such as Policy 221-13 permit such escalating actions that do not in any way accommodate a disabled individual, such as Mr. Baerga, once the person is taken into custody, there is a the custom and practice of enforcing such policy by charging individuals or their family with with Obstruction of Governmental Administration, Resisting Arrest, or Disorderly Conduct to justify instances of excessive force. Mr. Baerga's mom was charged with OGA, in order to justify the actions of Defendant Officers.

4. The NYPD's widespread constitutional abuse and discriminatory treatment of the mentally disabled has flourished as a result of and are directly and proximately caused by policies such a Policy 221-13, either on its face, or as it is applied, customarily or otherwise, and enforced. The City, Deblassio, and Shea have acted with deliberate indifference to the constitutional rights of those mentally disabled consumers who come into contact with the NYPD by (a) failing to properly screen, train and supervise NYPD Officers (either by such unconstitutional policy, or as it is applied) in reasonably accommodating the mentally disabled, (b) inadequately monitoring NYPD Officers and their interactions with mentally ill, (c) failing to sufficiently discipline NYPD officers who engage in constitutional abuses.

5. Plaintiff brings this action to vindicate, not only his rights, but the rights of all disabled New York City residents, including but not limited to mentally disabled residents, to be free from unconstitutional policies of Defendant City that do not properly address the needs of the disabled individuals who are not committing a crime, not violent, and not a threat to themselves or others, but, who through the unconstitutional policy itself, escalate to incidents of excessive force, and charges of Obstructing Governmental Administration, Resisting Arrest, or Disorderly Conduct by NYPD officer Defendants.

6. Plaintiff seeks injunctive and declaratory relief from policies, specifically such as Policy 221-13, practices, and/or customs described herein that violate the First, Fourth, and Fourteenth Amendment and the ADA and Section 504, NY State Law and the NYC Human Right Charter, and an injunction enjoining defendants from continuing Policies like Policy 221-13, practices, and customs. In addition, Mr. Baerga seeks damages, both compensatory and punitive, and an

award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

7.  This action arises under the laws of the United States, including the American with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act of 1973 ("The Rehabilitation Act"), Civil Rights Act of 1871, 42 U.S.C. § 1983as well as Pursuant to 28 U.S.C. §§ 1331 and 1343.

8.  The court has jurisdiction over plaintiff's claims for declaratory and injunctive relief as authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

## VENUE

9.  Pursuant to 28 U.S.C. § 1391(b)(c) venue is proper as the acts complained of occurred in the State of New York, County of Queens.

## PARTIES

10.  Plaintiff Justin E. Baerga was at all times relevant herein a resident of the State of New York, Queens County, and visits neighborhoods where unconstitutional and discriminatory conduct against mentally disabled individuals is a part of NYPD policy.

11.  Defendant City of New York is a municipal entity which was created under the authority of the laws of the Constitution of the State of New York and which is authorized with, among other powers, the power to maintain a police department for the purpose of protecting the welfare of

those who reside in New York City.  It is a local government entity within the meaning of Title II of the ADA, and received federal funding within the meaning of the Rehabilitation Act.

12.  Defendant New York City mayor Bill De Blasio is and was at all times relevant herein, the mayor for the City, and is and is and was responsible and chief architect of the policies, practices, and/or customs of the NYPD, a municipal agency of the City.  He is and was, at all rimes, responsible for the hiring, screening, training, retention, supervision, discipline, counseling, and control of the police officers under his command who are and were employed by the NYPD including the Defendants names herein. He is sued individually and in his official capacity.

13.  Defendant New York City Police Commissioner William Bratton is and was at all times relevant herein, the Police Commissioner for the City, and is and is and was responsible and chief architect of the policies, practices, and/or customs of the NYPD, a municipal agency of the City.  He is and was, at all rimes, responsible for the hiring, screening, training, retention, supervision, discipline, counseling, and control of the police officers under his command who are and were employed by the NYPD including the Defendants names herein. He is sued individually and in his official capacity.

14.  Defendants Sally Roes are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of The City of New York and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command.  Defendants are and were at all times relevant herein acting under color of state law in the course and scope of

their duties and functions as supervisory officers, agents, servants, and employees of defendant The City of New York, were acting for, and on behalf of, and with the power and authority vested in them by The City of New York and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants Sally Roes are sued individually and in their official capacity.

15. Police Officers Defendants WNOROWSKISG and POLICE OFFICER MOLE and John Does, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of The City of New York and/or the New York City Police Department (NYPD), a municipal agency of defendant The City of New York. Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant The City of New York, were acting for, and on behalf of, and with the power and authority vested in them by The City of New York and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Police Officer WNOROWSKISG and POLICE OFFICER MOLE and John Does, are sued individually and in their official capacity.

**STATEMENT OF FACTS**

16. The Plaintiff is Justin Baerga

17. The Plaintiff is 23 years of age.

18.  The Plaintiff resides with his mother in the City of New York, the County of Queens, the State of New York.

19.  The Plaintiff has been medically diagnosed with a variety of non-violent, yet anxiety and stressed induced mental illnesses.

20.  The Plaintiff has been prescribed drugs for treatment of such diagnosis, which he sometimes takes and sometimes does not take, as their side-effects can be even more debilitating than the disability itself.

21. On or about August 25th, 2019 the plaintiff's mother Peggy A. Herrera sought the assistance of a medically classified need of intervention of an emotionally distressed person, namely plaintiff Justin E. Baerga, Ms. Herrera's Son.

22. Peggy A. Herrera in calling the 911 Emergency Call system specifically requested medical assistance for an emotionally distraught young man, Plaintiff Justin E. Baerga at the time experiencing from mental health related concerns.

23. Peggy A. Herrera advised the 911 Emergency operator and responding defendant(s) NYPD and FDNY EMT's of the need for sensitivity and not overt action that would unnecessarily criminalize her son to a point of further aggravation and frustration.

24. Peggy Herrera inquired to Defendant Lieutenant Mascol position as it was ascertained plaintiff Justin E. Baerga posed no threat to himself or others for which the responding Defendant Lieutenant Mascol inappropriately delegated to the Defendant NYPD Sergeant Mole, unqualified health professional, the NYPD supervisor on scene.

25. Although Officers knew they were dealing with a mentally disabled individual, who was not armed, who had no warrant, for no reasonable purpose officers insisted that Mr. Baerga leave his home, and it is believed, activated the NYPD Emergency Service Unit, which is upon information and belief, trained in military style specialized situations.

26. Not only were no accommodations made for Plaintiff, but as he was on his own volition sitting in his home, he was met by what is thought to be more than fifteen officers, who were waiting for Mr. Baerga to exit his home. It is believed that the officers may have been NYPD's Emergency Service Unit. Upon information and belief, Policy 221-13 mandates such action, or is customarily called upon when NYPD officers are interacting with EDPs.

27. Peggy A. Herrera was unlawfully arrested and charged with obstructing governmental administration in response to her objection of the responding NYPD Defendant Sergeant Mole determination to engage forceful entry into her home and was unlawfully retaliated against with an abuse of process that subjected plaintiff, a citizen who had never experienced or was ever the subject of any arrest or criminalization, with unwarranted

criminal processing and detention for having sought medical intervention for her mentally distressed son, plaintiff Justin E. Baerga.

28. Plainitff and his mother immediately pleaded to the many Defendant Officers Does and Roes who met them outside, to release his mother, how had now been arrested.   The officers maintained a threatening stance towards Mr. Baerga.

29. Ms. Herrera had let the Officers know that her son is mentally ill, that he suffers from panic disorders, anxiety, and that he should be approached in a peaceful, quiet, and calm manner, that he needs special accommodations, not to threaten him with physical violence or crowd around him.

30. Peggy A. Herrera was suddenly the subject of an unwarranted use of force and arrest on account of her objections against the defendant(s) decision to forcefully gain entry into her home, an apartment located at 17901 Jamaica Ave, Jamaica, New York on account that such actions would cause needless economic harm and impact on her tenancy at the location.

31. Plaintiff Justin E. Baerga exited the apartment at 17901 Jamaica Ave, Jamaica, New York in response to his mother's emotional distress and was suddenly assaulted and criminalized by Officers, at the direction of Defendant Sergeant Mole, applying

unnecessary force on an emotionally distressed plaintiff who was previously determined to be non-threatening and coherent.

32. Justin E. Baerga was tackled by four (4) John Doe NYPD Police officers, forcefully restrained by defendant(s), handcuffed, and transported to Queens General Hospital against his will and held until examined by a medical professional and discharged.

33. Defendant Officers refused to use peaceful mechanisms to approach Plaintiff, and instead isolated Mr. Baerga from his private sources of aid, and began to beat him, for no apparent reason other than being mentally disabled.

34. Mr. Baerga was unarmed. He was not a threat to anyone. He had no outstanding warrants. He was not committing any violation or crime.  He was exiting his home.

35. Ms. Herrera watched, afraid officers were killing her son, as many of them jumped on Mr. Baerga.  Mr. Baerga did not touch any of the officers, or attempt to harm any of the officers. His mom was crying and again pleading that they stop.

36. Not only was she ignored, but she was yelled at, shoved, and falsely arrested on charges of OGA (The Queens District Attorney's Office dismissed the claims against Ms. Herrera).

37. NYPD Defendant Officers discriminated against Mr. Baerga when they learned his mental diagnosis, failed to accommodate Mr. Baerga in any way, antagonized him, wrongfully perceived his reaction as the crime of disorderly conduct, and proceeded to beat him.

38. Plaintiff(s) filed a Notice of Intention with the Comptroller's office of the City of New York setting forth the facts underlying plaintiff's claims against the defendant and City of New York.

39. The City of New York assigned claim number 2019PI029381 and subsequently a 50-H hearing was held in which said claims arose.

40. To date, plaintiff has received not received an answer and no compensation has been offered by the Defendant City of New York in response to this claim.

41. This action has commenced within one year and ninety days of the date of the occurrence of the events giving rise to this complaint, taking into account the tolling provisions provided by Governor Cuomo in his emergency order.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

42. Plaintiff incorporates by reference each and every allegation contained in the foregoing

43. By their conduct and actions in using excessive and undue force against plaintiff, violating rights to equal protection of plaintiff, violating rights to due process of plaintiff, violating and retaliating for plaintiff's exercise of his rights to free speech and assembly, failing to intercede on behalf of the plaintiff and in failing to protect the plaintiff from the unjustified and unconstitutional treatment he received at the hands of other defendants, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

44. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

45. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

46. By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory

defendants caused damage and injury in violation of plaintiff's rights guaranteed under
42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and
Fourteenth amendments.

47. As a result of the foregoing, plaintiff was deprived of his liberty and property,
experienced pain and suffering, garden variety emotional injury, costs and expenses, and
was otherwise damaged and injured.

### THIRD CLAIM
### VIOLATION OF TITLE II of the
### AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12131 et seq.)

48. Plaintiff incorporates by reference each and every allegation contained in the foregoing
paragraphs.

49. Congress enacted the ADA upon finding, among other things, that "society has tended to
isolate and segregate individuals with disabilities" and that such forms for discrimination
continue to be "serious and pervasive social problem." 42 U.S.C. § 12101(a)(2). The
mentally ill are being segregated and isolated in jails and prisons for the crime of being
mentally ill.

50. In response to these findings, Congress explicitly stated that the purpose of the ADA is
to provide "a clear and comprehensive national mandate for the elimination of
discrimination against individuals with disabilities" and "clear, strong, consistent,
enforceable standards addressing discrimination against individuals with disabilities." 42
U.S.C. § 12101(b)(l) (2).

51. Title II of the ADA provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, ...be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A person who is not a harm to others and themselves, cannot be arrested discriminated against because society fears them for no good reason.

52. At all times relevant to this action, Defendants were public entities within the meaning of Title II of the ADA and provided a program, service, or activity to the general public.

53. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of Title II of the ADA and met the essential eligibility requirements for the receipt of the services, programs, or activities of Defendants.

54. Through the acts and omissions of Defendants and their agents and employees described herein, Defendants have subjected Plaintiffs to discrimination on the basis of disability in violation of Title II of the ADA by failing to provide him communication and space that is as effective as communication provided to the general public during the course of law enforcement interactions, and by wrongfully thinking his mental illness, specifically the symptoms of his mental disability, a crime. Plaintiff was not reasonably accommodated from the time Officer De La Rosa was repeatedly told he has a variety of mental disabilities from the initial encounter, arrest; transportation; booking; and/or while otherwise in defendants custody.

55. Plaintiff is informed, believes, and thereon alleges that defendants and their agents and employees could have reasonably provided him with one or more of the following aids and services in order to effectively communicate with him:

a. Officers did not need to insist that he leave the safety and sanctuary of his home, when Plaintiff was not threatening or being a danger to anyone or to himself. They could, after having maintained a a safe and non threatening distance, simply just left.

b. Officers did not need to call in an ESU team who started to beat Plaintiff,

c. Officers could have defused the situations using the myriad of tactics both based on common sense or in their training about defusing situations.

56. Plaintiff is informed, believes, and thereon alleges that defendants and their agents and employees have failed and continue to fail to:

a. Adopt and enforce additional procedures and services to communicate effectively with individuals who mentally ill by creating a policy that would require peer responders to defuse and properly accommodate mentally ill persons so as to limit harm to themselves, the public and other officers, are called in to accommodate such individuals.

b. Train and supervise NYPD officers and employees to communicate effectively with individuals who are mentally ill; and

c.    Train and supervise NYPD officers regarding the culture of persons who are mentally ill, and the behaviors of those who are mentally ill and not force them out of their homes.

57.  Because defendants' discriminatory conduct is ongoing, declaratory and injunctive relief are appropriate remedies.

58.  Plaintiffs pray for judgment as set forth below.

59. Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

60. Section 504 of the Rehabilitation Act of 1973 provides in pertinent part: "[N]o otherwise qualified individual with a disability. . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits, or be subjected to discrimination under any program or activity receiving federal financial assistance . . ." 29 U.S.C. § 794.

61. Plaintiff was at all times relevant herein a qualified individual with disabilities within the meaning of the Rehabilitation Act because he has mental and physical impairments that substantially limits one or more of his major life activities. See 29 U.S.C. § 705(20)(B).

62. At all times relevant to this action Defendants were recipients of federal funding within the meaning of the Rehabilitation Act.

63. Through their acts and omissions described herein, Defendants have violated the Rehabilitation Act by excluding Plaintiff from participation in, by denying him the benefits of,

and subjecting him to discrimination in the benefits and services Defendants provide to the general public

64. Pursuant to the remedies, procedure, Plaintiff prays for judgment as set forth below.

## FIFTH CLAIM

### MONELL CLAIM UNDER

### UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

65. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

66. The Defendant City of New York, Commissioner, Officer Defendants, Officer John Does and Sally Roes, have recklessly and with deliberate indifference failed to provide adequate training and standards and policies and practices for its police officers where, in the context of interaction with mentally ill/emotionally disturbed individuals officer are not trained in how to interact with such individuals, and when they are trained, and do not interact according to such standards, their behavior is not corrected, they can continue to discriminate against such individuals without fear of reprisal.

67. The need for more or different training of officers is so obvious and the inadequacy so likely to result in the violation of constitutional rights, that the municipal policy makers have been deliberately indifferent to the need. Policymakers know to a moral certainty that NYPD Officers will confront a situation similar to Mr. Baerga's, namely, interacting with an EDP/mentally ill

person; second, the situation is amenable to training and supervision (as has been proven by tother models through country, like Oregon's CAHOOTs) and there is a history of employees mishandling the situation; and third, where the wrong or difficult choice by an ill-trained employee will frequently cause the deprivation of a citizen's constitutional or statutory rights.

68.  Furthermore, the City of New York, has in its New York Police Department Patrol Guide the Unconstitutional Policy § 221-13 , which permits the arrest of any and all mentally ill and emotional disturbed individuals, even those who are not a harm to themselves or others.  It is unconstitutional, not only, in its application, but on its very face.  In fact,  Policy § 221-13 states, "If the EDP is unarmed, not violent, and willing to leave voluntarily, a uniformed member of the service may take such person into custody. " There is no logical, ethical, or legal justification for why Policy § 221-13  allows such a broad stroke of Police authority, even more importantly, how such a discriminatory policy against a specific group of disabled persons is permitted and unquestioned.

69.  Furthermore, Policy § 221-13  requires a host of practices and policies each of which is discriminatory, each of which not only do not permit reasonable accommodations for the EDP, but escalate the risk of harm to the EDP. An example is the deployment of an Emergency Service Unit (ESU).

70.  Finally, The City of New York, has a custom or policy or practice, of rather than de-escalating situations where there are mentally disabled persons involved, arresting the mentally disabled person, even where there is no other wrong doing, and then charging the person with resisting arrest and disorderly conduct, to justify and the use of excessive force.

71.  Defendants did not reasonably accommodate Plaintiff, as they could have, in a myriad of ways. Arguably, NYPD officers used the worst tactics possible, and escalated the situation by sending out even more armed officers who were not trained to interact with Plaintiff and disabled people like Plaintiff.

72.  Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional rights unless Defendants are enjoined from continuing NYPD's policy, practice, and/or custom of unconstitutional and discriminatory treatment of the mentally ill and the policies and/or customs that have directly and proximately caused such constitutional and discriminatory abuses.

73.  The above acts and omissions, while carried out under color of law, have no justification or excuse in law, and instead constitute a gross abuse of governmental authority and power, shock the conscience, are fundamentally unfair, arbitrary and oppressive, and unrelated to any activity in which governmental officers may appropriately and legally undertake in the course of protecting persons or property, or ensuring civil order. The above acts and omissions were consciously chosen from among various alternatives.

74.  As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the aforementioned defendants, Plaintiff was injured in his health and person. He suffered and will continue to suffer great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Plaintiff to sustain damages in a sum to be determined at trial.

75. The above mentioned individually named and Doe defendants, acted under color of law, and both separately and in concert. The aforementioned acts of those defendants, and each of them, were willful, wanton, malicious and oppressive, with reckless disregard or with deliberate indifference and with the intent to deprive Plaintiff of his constitutional rights and privileges, and did in fact violate the aforementioned rights and privileges, entitling Plaintiff to exemplary and punitive damages in an amount to be proven at the trial of this matter.

## SIXTH CLAIM FOR RELIEF
**Equal Protection**
**(New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*)**

76. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

77. By the actions described above, defendants did inflict violation of equal protection against Plaintiff. The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Charter of the City of New York Human Rights Law.

78. As a result of the foregoing, plaintiff was deprived of their liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM FOR RELIEF
**ASSAULT AND BATTERY UNDER THE NEW YORK CONSTITUTION**

79. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

80. By the actions described above, defendants did inflict assault and battery upon the plaintiffs. The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

81. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM FOR RELIEF
### N.Y. STATE CONST. ART. I § 12 DUE PROCESS

82. The Plaintiff incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

83. Defendants deprived Plaintiff of his rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by Article I § 12 of the New York State Constitution.

84. Defendants, their officers, agents, servants and employees, were responsible for Plaintiff's injuries. Defendant City, as employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

85. As a direct and proximate result of the misconduct and the abuse of authority detailed above, Plaintiff sustained the damages described above.

## NINTH CLAIM FOR RELIEF
### FALSE ARREST AND FALSE IMPRISONMENT
### UNDER THE NEW YORK CONSTITUTION

86.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

87.     By the actions described above, defendants caused Plaintiff to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

88.     As a result of the foregoing, Plaintiffs were deprived of their liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and were otherwise damaged and injured.

## TENTH CLAIM FOR RELIEF
## TRESSPASS UNDER THE NEW YORK CONSTITUTION

89.     The Plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

90.     The Defendants willfully, wrongfully and unlawfully trespassed upon the person of Plaintiff.

91.     As a result of the foregoing, Plaintiff was deprived of his liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM FOR RELIEF
## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## UNDER THE NEW YORK CONSTITUTION

92.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

93.     By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or negligently caused severe emotional distress to Plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

94.     As a result of the foregoing, Plaintiff was deprived of his liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## TWELFTH CLAIM FOR RELIEF
### NEGLIGENCE UNDER THE NEW YORK CONSTITUTION

95.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

96.     The Defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the Plaintiffs.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

97.     As a result of the foregoing, Plaintiff was deprived of his liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and were otherwise damaged and injured.

## THIRTEENTH CLAIM FOR RELIEF
### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING UNDER THE NEW YORK CONSTITUTION

98.     The Plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

99.     Defendant CITY negligently hired, screened, retained, supervised and trained defendants. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

100.    As a result of the foregoing, Plaintiff was deprived of hisliberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

### FOURTEENTH CLAIM FOR RELIEF
### CONSTITUTIONAL TORT

101.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

102.    Defendants, acting under color of law, violated Plaintiff's rights pursuant to Article I, §§ 6, 8, 9, 11 and 12 of the New York State Constitution.

103.    A damages remedy here is necessary to effectuate the purposes of §§ 6, 8, 9, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of Plaintiff's rights under those sections.

104.    As a result of the foregoing, Plaintiff was deprived of his liberty and property, right to familial interaction, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

### FIFTEENTH CLAIM FOR RELIEF
### ABUSE OF PROCESS UNDER THE NEW YORK CONSTITUTION

105.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

106.     By the conduct and actions described above, defendants employed regularly issued process against Plaintiff compelling the performance or forbearance of prescribed acts.  The purpose of activating the process was intent to harm Plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

107.     As a result of the foregoing, Plaintiff was deprived of his liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured

WHEREFORE, Plaintiff prays the following relief jointly and severally against all of the defendants:

a.  Compensatory damages;

b.  Punitive damages;

c.  Relief, including but not limited to, declaring 221-13 as unconstitutional and discriminatory, either as a policy, or as it is applied as a practice/custom, and injunctive relief enjoining City from Policy § 221-1, and requiring the City to institute and

implement improved policies like the use of specially trained peer and EMS Teams in

dealings with mentally ill/EDPs.

        d. The convening and empaneling of a jury to consider the merits of the claims

herein;

        e. Costs and interest and attorney's fees;

        f. Such other and further relief as this court may deem appropriate and

equitable.

Dated:      New York, New York
           July 5, 2021
                     Respectfully Submitted,

                     _____/s/_____
                     P. Jenny Marashi (PM0916)
                     Marashi Legal
                     930 Grand Concourse, #1E
                     Bronx, NY 10451
                     (917) 703-1742
                     Marashi.legal@gmail.com
                     Attorney for Plaintiff