

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

ALAN H. SCHEINER
*Senior Counsel*
Phone: (212) 356-2344
Fax: (212) 356-3509
Email: ascheine@law.nyc.gov

December 8, 2022

**BY ECF**
Honorable Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Justin E. Baerga, et al. v. City of New York, et al.*, 21 Civ. 5762 (PAC)

Your Honor:

      I am a Senior Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for defendants the City of New York, Bill de Blasio, Dermot Shea, P.O. Krzysztof Wnorowski, P.O. Robert Sheron, Sgt. Nathan Mole, P.O. Martin Haber, P.O. Carrku Gbain, P.O. Andre Dawkins, P.O. Tyrone Fisher, P.O. Devindra Ramayya, P.O. Julian Torres, and P.O. Vikram Prasad. No conference is presently scheduled in this case.

      Defendants write regarding plaintiffs' application, filed today (the "Application"), for an Order to Show Cause why a temporary restraining order and preliminary injunction should not issue barring the City from implementing a statement released by Mayor Eric Adams on November 29, 2022 titled Mental Health Involuntary Removals (the "Statement"). (ECF No. 112-1) Plaintiffs' submission also requests that the Court order expedited discovery in the form of proposed interrogatories and document requests (ECF No. 112-2), although that request is not mentioned in the proposed Order to Show Cause nor set forth in any Notice of Motion. Defendants submit this letter to respectfully request that the Court strike the Application as procedurally improper, or, in the alternative to convert the application to a motion for a preliminary injunction, and to a request for a premotion conference on discovery pursuant to Local Rule 37.2 of the Southern District of New York.

      As an initial matter, plaintiffs provided no advance notice to defendants' counsel of their intent to file the purported emergency application, although it clearly took several days to prepare. The only communication related to this matter was an email from counsel on December 2, 2022, informally requesting documents and information relating to the Statement, requesting that the information be provided by December 7, 2022.

      Plaintiff's December 2, 2022 email did not mention any contemplated motion, nor did it request that the parties meet and confer regarding plaintiffs' request. Defendants indicated that they would consider the request with the relevant agencies and respond. On December 2, 2022,

defendants asked if plaintiffs would consent to or join in a request for oral argument on the pending motion to dismiss, and on December 5, 2022 plaintiffs' counsel replied that they would take no position on a request for oral argument. But in fact plaintiffs, as of that date, must have already been preparing their purported emergency application for a hearing before this Court on substantially similar issues. Plaintiffs' counsel's deliberate failure to disclose that they intended to file the present application, seeking not only oral argument but a hearing on substantially the same issues as were raised by the pending motion, is unprofessional and suggests an intent to obfuscate their intentions to gain an advantage from surprise.

**The Proposed Order to Show Cause.** Plaintiffs' counsel should have proceeded by conventional motion, and conferred on a briefing schedule. Local Rule 6.1,mandates that no "order to show cause to bring on a motion, will be granted except upon a clear and specific showing by affidavit of good and sufficient reasons why a procedure other than by notice of motion is necessary, and stating whether a previous application for similar relief has been made." Plaintiffs' papers do not event attempt to show why their application could not have been made by Notice of Motion or other procedures mandated by the Local Rules or the Court's Individual Practices (such as a premotion letter). There is in fact no reason – other than the gamesmanship detailed above – for plaintiffs to proceed as they did. The application should be stricken for that reason alone.

In addition, plaintiffs' application also fails on its face to demonstrate the need for emergency relief. Plaintiffs cite not a single instance of the implementation of the Statement, nor even that any person was told that they would be removed pursuant to the statement under circumstances where they would not previously have been taken into custody for treatment.

The Statement, on its face, does no more than implement N.Y. State Mental Health Law § 9.41. (Statement at 1) Plaintiffs' contentions that the police should not be permitted to implement § 9.41, despite its terms, are already the subject of briefing on the pending motion to dismiss. As set forth in the Statement, the City is implementing guidance issued by the N.Y. State Office of Mental Health on February 18, 2022. (Attached as Exhibit A) As reflected there (Ex. A at 2-3), New York State courts have long concluded that § 9.41 permits the involuntary mental health treatment of persons whose condition creates a danger of substantial harm to themselves or others, even when those persons are not immediately violent. *See, e.g., Boggs v. Health Hosps. Corp.*, 132 A.D.2d 340, 362 (N.Y. App. Div. 1987) ("It is well established in this State that a person may be involuntarily confined for care and treatment, where his or her mental illness manifests itself in neglect or refusal to care for themselves to such an extent that there is presented "serious harm" to their own well-being."). That issue, too, is already pending before this Court (although plaintiffs' complaint, filed on December 29, 2021 (ECF No. 21), of course does not mention the Statement). Plaintiffs provide no reason to conclude that the Statement constitutes an emergency, whereas all of the allegations in their 356 paragraph, sixty-nine page complaint did not.

Plaintiffs petition this Court to supplant the judgment of the elected representatives of the people of the City of New York on a matter of grave public concern. That requires more care and due consideration than plaintiffs' emergency application would allow. It also requires that defendants have a full and fair opportunity to respond with evidence relating to the Statement that plaintiffs seek to have summarily enjoined. The Court should consider the issues plaintiffs raise on a conventional, non-emergency schedule, as set forth below.

**The Motion for Expedited Discovery.** In addition, the papers in part seek discovery relief, in the form of an order allowing "expedited discovery." This motion too is improper,

because it is made without any attempt to meet and confer and in violation of Local Rule 37.2. The parties had previously conferred regarding discovery in October 2022 pursuant to Fed. R. Civ. P. 26(f), airing substantial disagreements about the appropriate scope and timing of discovery, and counsel agreed to discuss the matter further. Plaintiffs did not raise discovery again until December 1, 2022, when plaintiffs' counsel emailed a revised proposed discovery schedule and discovery requests (different from the "emergency" requests submitted to the Court today), acknowledging that the December 1, 2022 requests were premature given the posture of the case under Fed. R. Civ. P. 26. That email and those materials did not mention the Statement that is now the subject of their Application. As noted above, on December 2, 2022, plaintiff informally requested discovery regarding the Statement, asking that the information be provided by December 7, 2022 (apparently for use in the current application). Plaintiffs never mentioned a motion to expedite or compel discovery, or even to seek a conference.

Local Civil Rule 37.2 states that "no motion under Rules 26 through 37 inclusive of the Federal Rules of Civil Procedure shall be heard unless counsel for the moving party has first requested an informal conference with the Court by letter-motion for a pre-motion discovery conference (subject to the instructions regarding ECF published on the Court's website and the Judge's Individual Practices) and such request has either been denied or the discovery dispute has not been resolved as a consequence of such a conference." In addition, Fed. R. Civ. P. 37 requires that applications for discovery contain a "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Plaintiffs' application contains no such certification, because no attempt to confer in good faith was made. Accordingly, defendants respectfully request that the Court strike plaintiffs' application for expedited discovery, or, in the alternative, deem it a request for a prejudgment conference on a discovery dispute, to which the defendants will respond on the briefing schedule set forth below.

For the foregoing reasons, the plaintiffs' application for an Order to Show Cause should be stricken, and plaintiffs should proceed, if they wish, by conventional motion practice. In the alternative, defendants respectfully request that the Court convert the application to a motion for a preliminary injunction, and a request for a premotion conference on discovery, as to which defendants request that the Court enter the following briefing schedule, which accounts for the winter holidays and vacations between December 24, 2022 and January 1, 2022: Defendants' response on both applications to be due 30 days from today, on January 9, 2022, with plaintiffs' reply, if any, due by January 16, 2022, with a conference and oral argument to be scheduled thereafter on a date convenient for the Court and the parties on the plaintiffs' Application as well as the pending motion to dismiss.

We thank the Court for its consideration of this matter.

Respectfully submitted,

*Alan H. Scheiner* /s/

Alan H. Scheiner
*Senior Counsel*

cc:   All Counsel (via ECF)