Re: Motion for leave to file a motion to intervene in *Baerga v. City of New York,* No. 21-cv-5762-PAC (S.D.N.Y.)

Judge Crotty,

Pursuant to pretextual demands by U.S. District Judge Valerie Caproni in her 9/21/21 order shown after this declaration that she issued in *Butler v. City of New York*, No. 15-cv-3783 (VEC)(S.D.N.Y.) as First Amendment retaliation and an abuse of process to waste my time, I, Towaki Komatsu, declare under the penalty of perjury on 12/8/22 that I seek leave to file a motion to intervene in this case as an interested party. I seek to do so for the following reasons:

1. New York City Mayor is criminally encouraging City of New York personnel to be part of a conspiracy with him that is designed to pretextually kidnap people in New York City after I legally mauled its personnel as a result of the dismissal of *People v. Komatsu*, No. 2017BX048917 (Bronx Crim. Ct. Jan. 23, 2020). *Komatsu v. City of New York*, No. 20-cv-10942 (VEC)(RWL)(S.D.N.Y. Jun. 17, 2022) was my countersuit about the fact that I prevailed in that malicious prosecution that was triggered by a pretextual designation of me as an emotionally-disturbed person ("EDP) by NYPD criminal Saquoi Harris on a public sidewalk on 12/26/17 after he illegally didn't use his NYPD body-camera to record the fact that he had earlier criminally assaulted, seized, stopped, stalked, and lied about me in a public corridor nearby. That was just 6 days after Bill de Blasio harassed me during a town hall meeting and 12 days after I testified in City Hall against the NYPD's mafia to the useless Vanessa Gibson and Corey Johnson of the New York City Council while journalism in New York City continued to be a myth partly by not covering that 12/14/17 public hearing that was recorded on video. The Second Circuit fraudulently blocked me on 7/19/22 from being able to appeal Judge Caproni's fraudulent and retaliatory dismissal of *Komatsu v. City of New York*, No. 20-cv-10942. I incorporate my **a)** 5/15/22 filing in that case about which I'm currently preparing a petition for a writ of certiorari that the U.S. Supreme Court isn't obligated to grant irrespective of how meritorious that will be and **b)** 6/2/22 and 11/30/21 filings in *Komatsu v. USA*, No. 21-cv-1838 (RJD)(RWL)(S.D.N.Y.) by reference as though fully set forth herein.

s_/Towaki Komatsu        802 Fairmount Pl., Apt. 4B        Tel: 347-316-6180
                         Bronx, NY  10460                 E-mail: Towaki_Komatsu@yahoo.com
*Plaintiff, Pro Se*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/2/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SANDRA BUTLER; RICKY GIBSON; O'BRIEN MORRIS; RICHARD EMMETT; ROSELLE DIAZ; KEVIN FAISON; SHANIQUA JACKSON; CENTER FOR INDEPENDENCE OF THE DISABLED, NEW YORK; AND COALITION FOR THE HOMELESS, *for themselves and on behalf of all others similarly situated*,

Plaintiffs,

-against-

CITY OF NEW YORK; THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES; STEVEN BANKS, *as Commissioner of the New York City Department of Homeless Services*,

Defendants.

15-CV-3783 (VEC)

ORDER IMPOSING FILING RESTRICTIONS PURSUANT TO 28 U.S.C. §1651

VALERIE CAPRONI, United States District Judge:

WHEREAS on August 10, 2021, the Court denied Mr. Komatsu's request to intervene in this matter, Endorsement, Dkt. 125;

WHEREAS a review of court dockets shows that since 2020, Mr. Komatsu has filed similar meritless, non-party requests — usually motions to intervene under Federal Rule of Civil Procedure 24 — in at least thirteen cases, and various judges of this court have denied his motions, *see, e.g.*, *Nat'l Coal. on Black Civic Participation v. Wohl*, 20-CV-8668, ECF No. 115 (S.D.N.Y. May 28, 2021); *People of the State of New York v. City of New York*, 21-CV-322, ECF No. 88 (S.D.N.Y. Apr. 28, 2021); *Chinese Am. Citizens Alliance Greater New York v. New York City Dep't of Educ.*, 20-CV-8964, ECF No. 25 (S.D.N.Y. Feb. 22. 2021); *Women for Am. First v. De Blasio*, 20-CV-5746, ECF No. 12 (S.D.N.Y. Aug. 18, 2020); *Unif. Fire Officers Ass'n v. DeBlasio*, 20-CV-5441, ECF No. 108 (S.D.N.Y. Aug. 13, 2020);

WHEREAS Mr. Komatsu's meritless non-party requests burden judges, court personnel, and the parties to those cases, who may understandably be confused as to how or whether to respond to the requests;

WHEREAS it is well settled that "courts may resort to restrictive measures that except from normally available procedures litigants who have abused their litigation opportunities," *In re Martin-Trigona*, 9 F.3d 226, 228 (2d Cir. 1993);

WHEREAS a court's power to restrict the litigation of abusive and vexatious litigants is an "ancient one" that is now codified at 28 U.S.C. § 1651(a), the All Writs Act, *see Polur v. Raffe*, 912 F.2d 52, 57 (2d Cir. 1990) (quoting *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir. 1982));

WHEREAS the Second Circuit has noted that "[s]ome courts have responded to vexatious litigants by completely foreclosing the filing of designated categories of cases" and that others "have adopted the less drastic remedy of subjecting a vexatious litigant to a 'leave of court' requirement with respect to future filings," *see In re Martin-Trigona*, 9 F.3d at 228;

WHEREAS "[t]he unequivocal rule in this circuit is that [a] district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard," *see Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998); *see also Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999) ("Due process requires that courts provide notice and opportunity to be heard before imposing *any* kind of sanctions" (cleaned up));

WHEREAS on August 16, 2021, given Mr. Komatsu's history of filing meritless requests in cases to which he is not a party, the Court entered an order requiring Mr. Komatsu to show

2

cause why he should not be enjoined from filing any further documents in cases to which he is not a party unless he complies with certain conditions, Order Dkt. 134;

WHEREAS the Court required Mr. Komatsu to show cause by no later than Monday, August 30, 2021, *see id.*;

WHEREAS the Court informed Mr. Komatsu that if he failed to submit a declaration within the time directed, or if his declaration did not set forth good cause, Mr. Komatsu would be enjoined from filing documents in cases to which is not a party unless he complied with certain conditions, *see id.*; and

WHEREAS Mr. Komatsu did not submit a declaration by the August 30, 2021 deadline or any time thereafter;

IT IS HEREBY ORDERED that Mr. Komatsu is enjoined from filing any documents in cases to which he is not a party unless he complies the following conditions: Any document that Mr. Komatsu seeks to file in a case to which he is not a party must include (1) a copy of this order; and (2) a one-page, double-spaced declaration (the page must have margins of at least 1 inch on both sides and at the top and bottom), submitted under penalty of perjury, stating his legal interest in the matter and why he should be permitted to move to intervene. The one-page document must be titled: "Motion for Leave to File a Motion to Intervene."

IT IS FURTHER ORDERED that the Clerk's Office is directed not to docket any document that Mr. Komatsu submits that does not comply with the above conditions and not to return to Mr. Komatsu any document that does not comply with this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Towaki Komatsu, 802 Fairmount Pl., Apt. 4B, Bronx, NY 10460, and to note the mailing on the docket.

**SO ORDERED.**

Date:  September 2, 2021
       New York, NY

                                       **VALERIE CAPRONI**
                                       **United States District Judge**