

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

ALAN H. SCHEINER
*Senior Counsel*
Phone: (212) 356-2344
Email: ascheine@law.nyc.gov

December 12, 2022

**BY ECF**
Honorable Paul A. Crotty
United States District Court - Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *Justin E. Baerga, et al. v. City of New York, et al.*, 21 Civ. 5762 (PAC)

Your Honor:

    I am a Senior Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for defendants herein. Defendants write in response to plaintiff's application of December 8, 2022 for expedited discovery (the "Application") relating to the statement of New York City Mayor Eric Adams, announcing a multi-agency initiative to support life-saving mental health removals pursuant to N.Y. Mental Hygiene Law § 9.41 and § 9.58 (the "Initiative"). On December 9, 2022, the Court deemed the Application a request for a pre-motion conference. The Court's limitations for pre-motion letters does not permit defendants to raise all of the defects with plaintiffs' Application. We address some of them below:

    Plaintiffs would impose extraordinary burdens on officials of multiple City agencies, who are laboring to implement the Initiative to aid City residents in profound need. As explained in the Initiative and elsewhere (ECF Nos.112-1 at 1, 113 & 113-1, 112-2 ), the Initiative is an application of existing law, rather than a departure from it. The Initiative expressly adheres to the constitutionally valid duty of the police remove persons for mental health evaluation when there is probable cause to believe that a person "appears to be mentally ill and is conducting himself or

herself in a manner which is likely to result in serious harm to the person or others." N.Y. Mental Hyg. L. § 9.41; see also *Guan v. City of N.Y.*, 37 F.4th 797, 807 (2d Cir. 2022). The role of the police is to request and supervise safe custodial transport by EMS of persons in need for mental health evaluation. (ECF No. 112-1 at 5).

The Application proposes interrogatories and document requests, requiring a response within 30 days (ECF No. 112-2), and seeks a deposition of unspecified scope and timing. (ECF No. 109 at 18 n. 8) Defendants oppose the Application because: (i) it is not supported by good cause; (ii) plaintiffs lack standing to challenge the Initiative; (iii) and it would impose a burden disproportionate to any benefit to the case under Fed. R. Civ. P. 26(b)(2).

**Conferral by the Parties.** On December 9, 2022, plaintiffs belatedly conferred by telephone with defendants regarding the demands for expedited discovery. Later that day, plaintiffs stated they would accept production of an NYPD FINEST message and any final training materials regarding the Initiative, with some additional questions regarding the status of the training. On December 10, 2022, defendants emailed plaintiffs' counsel an agreement regarding the production of documents. Over 21 hours later, plaintiffs' counsel responded with an added a demand for a Rule 30(b)(6) deposition. That delay undercuts plaintiffs' pretentions that this discovery, and the matter of the Initiative in general, constitutes an "emergency."

**Lack of Standing.** Standing is jurisdictional, and the two plaintiffs moving for emergency relief fail to establish standing to challenge the Initiative, and therefore the Court is without jurisdiction to grant the relief requested. *See Shain v. Ellison*, 356 F.3d 211, 214-15 (2d Cir. 2004). Plaintiffs' Amended Complaint was filed long before the Initiative, and plaintiffs do not claim that the Initiative has caused anyone to be taken into custody, let alone that their rights were violated. "A mere interest in a problem, no matter how longstanding the interest and no matter how qualified

the organization is in evaluating the problem, is not enough to establish standing." *Taylor v. Bernanke*, No. 13-CV-1013, 2013 U.S. Dist. LEXIS 128533, at **41-42 (E.D.N.Y. Sep. 9, 2013) (quotations omitted). Nor has Steven Green (ECF No. 110) established the "a real or immediate threat" that he would be subjected to an unlawful seizure pursuant to the Initiative that is required for standing. *Los Angeles v. Lyons*, 461 U.S. 95, 105-06 (1983).

**Emergency and Burden**. The proposed discovery allows for 30 days for a response, which belies any claim that the discovery must be immediate. Moreover, plaintiffs' requests are dragnet demands to identify every person involved in developing the Initiative or trained pursuant to the Initiative, and to produce every document connected to it. That would be overly burdensome even for a long term discovery campaign, let alone narrow, emergency relief. The burden is multiplied by the obviously privileged nature of most of the documents sought under the governmental deliberations privilege. *See. e.g., Stinson v. City of N.Y.*, 304 F.R.D. 432, 436 (S.D.N.Y. 2015). The proportionality of the burden is also inextricably tied to the defects in plaintiffs' claims regarding injunctive relief as to the Initiative and the claim in the Amended Complaint as set forth in part in defendants' motion to dismiss. (ECF Nos. 102, 106).

Accordingly, defendants respectfully request that they be permitted to respond in full to plaintiffs' motion for expedited discovery.

We thank the Court for its consideration of this matter.

Respectfully submitted,

*Alan H. Scheiner* /s/

Alan H. Scheiner
*Senior Counsel*

cc: All Counsel (via ECF)