

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

ALAN H. SCHEINER
*Senior Counsel*
Phone: (212) 356-2344
Fax: (212) 356-3509
Email: ascheine@law.nyc.gov

December 13, 2022

**BY ECF**
Honorable Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Justin E. Baerga, et al. v. City of New York, et al.*, 21 Civ. 5762 (PAC)

Your Honor:

      I am a Senior Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for defendants. Defendants write in response to plaintiff's submission of December 13, 2022, in further support of their application of December 8, 2022 for a preliminary injunction and expedited discovery (the "Application") regarding the City's initiative announced on November 29, 2022 with respect to N.Y. Mental Hyg. L. §§ 9.41 and 9.58. (ECF No. 117) Plaintiff's supplemental briefing of today – made without Court permission, on a matter that is *sub judice* – is procedurally improper. Plaintiffs' counsel continue their pattern of unprofessional gamesmanship, evincing an intent to leverage their eleven lawyers working on this matter to overburden the undersigned with opportunistic, out-of-order filings, before defendants have had any opportunity to substantively respond to their prior submissions..

      Accordingly, for the reasons stated within, defendants respectfully request that the Court strike plaintiffs' submission of December 13, 2022, and order the plaintiffs to refrain from further filings relating to the Application until further order of the Court. In the alternative, defendants'

respectfully request that the Court allow defendants until December 19, 2022, to respond in substance to plaintiffs' submission of today.

On December 8, 2022, defendants moved to strike the initial Application, noting several procedural improprieties, and requesting in the alternative that the Court deem it a request for a pre-motion conference on discovery and a motion for a preliminary injunction. (*See* ECF No.113). On December 9, 2022, the Court granted this alternative request, noting that plaintiffs had improperly failed to advise defendants of their intentions, despite communicating on other matters while they were preparing the Application. (ECF No. 115) (the "Order")  The Order directed the parties to confer regarding a briefing schedule on the two parts of the Application, and scheduled a pre-motion conference on discovery for December 12, 2022.

Counsel for all parties conferred by telephone on December 9, 2022, regarding the Court's Order, the discovery issue, and a schedule for further submissions. Plaintiffs' counsel agreed that the Order called upon the parties to confer about a schedule for: (a) defendants to respond to plaintiffs' pre-motion application on discovery, prior to the conference; and (b) briefing on plaintiffs' motion for a preliminary injunction. The parties agreed that defendants would file a response to plaintiffs' pre-motion submission on discovery before the conference, in accord with the usual premotion procedure. S*ee* Local Rule 37.2 and the Court's Individual Practices, at 2-3. Regarding briefing on the preliminary injunction, the parties reached no agreement, in part because no agreement was reached on discovery. (*See* Defendants' Pre-conference Letter, December 12, 2022 ECF No. 116)

Plaintiffs opened the conference of December 12, 2022, with an oral application for an immediate injunction against the City, disregarding the Court's Order directing the parties to confer on a briefing schedule for the motion for a preliminary injunction, and scheduling only a

- 3 -

pre-motion conference on discovery. Once again, plaintiffs' counsel had sought to gain unfair surprise by failing to advise defendants of plaintiffs' intent to seek an immediate injunction on December 12, 2022, in contravention of the Court's scheduling Order.

At the December 12, 2022 conference, the Court accepted plaintiffs' invitation to consider the merits of the motion for injunctive relief, over defendants' objection that the conference had been scheduled to discuss discovery. During the hour-long conference, each of five of plaintiffs' attorneys had had the opportunity to respond to the Court's questions and the City's arguments, on which plaintiffs had previously submitted a twenty-page brief, three declarations, and three exhibits. The Court stated that it would issue a ruling shortly. The Court offered no direction on the plaintiffs' pre-motion submission on discovery, and never asked plaintiffs to make any supplemental submission, nor did plaintiffs ask to do so. It is evident that the matter is entirely *sub judice*. Nevertheless plaintiffs deem their prior arguments and submissions deficient, and submit further briefing on their motion for an injunction, including, *inter alia*, argument on class certification which was not an issue even discussed at the conference.

Accordingly, defendants respectfully request that the Court strike plaintiffs' submission of December 13, 2022, and order the plaintiffs to refrain from further submissions relating to the Application until further order of the Court; or, in the alternative, that the Court allow defendants until December 19, 2022, to respond in substance to plaintiffs' supplemental submission of today.

We thank the Court for its consideration of this matter.

Respectfully submitted,

*Alan H. Scheiner* /s/

Alan H. Scheiner
*Senior Counsel*

cc:   All Counsel (via ECF)