UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
JUSTIN BAERGA; STEVEN GREENE, :
GIOVANNA SANCHEZ ESQUIVEL; and :
SARAH ARVIO, individually and on behalf of :
all others similarly situated, and COMMUNITY :
ACCESS, INC.; NATIONAL ALLIANCE ON :
MENTAL ILLNESS OF NEW YORK CITY, :
INC.; and CORRECT CRISIS INTERVENTION :
TODAY – NYC, :
                                  *Plaintiffs*, :
                                                    21-CV-05762 (PAC)

                *- against -* :             **ORDER**

CITY OF NEW YORK; BILL DE BLASIO; :
DERMOT F. SHEA; NYPD POLICE OFFICER :
KRZYSZTOF WNOROWSKI; NYPD POLICE :
OFFICER SHERON; NYPD POLICE OFFICER :
MCDOWELL; NYPD POLICE SERGEANT :
NATHAN MOLE; NYPD POLICE OFFICER :
MARTIN HABER; NYPD POLICE SERGEANT :
GBAIN; NYPD POLICE OFFICER VIKRAM :
PRASAD; NYPD POLICE OFFICER ANDRE :
DAWKINS; NYPD POLICE OFFICER TYRONE :
FISHER; NYPD POLICE OFFICER DEVIENDRA :
RAMAYYA; NYPD POLICE OFFICER JULIAN :
TORRES; NYPD OFFICER SANCHEZ, and :
NYPD OFFICERS JOHN and JANE DOES # 1-40, :
                                  *Defendants*. :
---------------------------------------- x

      The Court **ADOPTS** the briefing schedule proposed by the Plaintiffs. ECF No. 117. As to the motion for expedited discovery, Plaintiffs' brief is due December 16, 2022; Defendants' opposition is due January 9, 2023; Plaintiffs' reply is due January 16, 2023. *Id.* The Court notes that this schedule is consistent with the schedule the Defendants requested on December 8, 2022. ECF No. 113. As to the motion for a preliminary injunction, Plaintiffs' supplemental brief shall

1

be filed seven days following production of expedited discovery; Defendants' opposition is due 14 days thereafter; Plaintiffs' reply is due three days later. ECF No. 117. The Court **DENIES** Defendants' motion to strike filed December 13, 2022. ECF No. 118.

The Court previously converted Plaintiffs' request for a temporary restraining order ("TRO") into a motion for a preliminary injunction on December 9, 2022. ECF No. 115. At the December 12, 2022 hearing, Plaintiffs requested a "stay" of the involuntary hospitalization policy, essentially reiterating the request for a TRO.[1] To the extent Plaintiffs continue to argue that an emergency "stay" is warranted, that request is **DENIED** without prejudice, as there is currently no evidence of likely irreparable harm prior to a preliminary injunction hearing. *See Free Country Ltd v. Drennen*, 235 F. Supp. 3d 559, 565 (S.D.N.Y. 2016) (noting the movant—by a clear showing—carries the burden of persuasion that, *inter alia*, the movant will suffer "irreparable harm" absent a TRO). At this point, Plaintiffs have not shown that the involuntary hospitalization policy has been enacted beyond basic training for superior officers, which on its own is not enough to grant emergency relief. Plaintiffs further cite no law for the proposition that the harm is irreparable because an officer cannot be "untrained." ECF No. 109 at 9. The Court declines to address the remaining elements of the TRO standard prior to the preliminary injunction hearing. *See Control Sys., Inc. v. Realized Sols., Inc.*, No. 3:11CV1423 PCD, 2011 WL 4433750, at *4 (D. Conn. Sept. 22, 2011) ("In the absence of a clear showing that irreparable harm is likely prior to the preliminary injunction hearing, this Court will not address whether [Plaintiff] has satisfied the remaining elements of the temporary restraining order standard in detail.").

---

[1] Plaintiffs further reiterate their arguments in the letter proposing a briefing schedule. ECF No. 117. The Court cautions Plaintiffs against briefing matters outside the scope of proper motion practice. The letter addressed the briefing schedule for the two upcoming motions, particularly the more imminent motion for expedited discovery. The arguments contained in the letter are better suited to briefing on the motion for the preliminary injunction.

The Court will not entertain any further submissions from the parties absent a clear showing that the parties have communicated on the matter prior to filing. Despite the urgency with which the parties continue to file requests, the Court's individual rules mandate conferring in good faith as to discovery motions, and the Court has already directed the parties to confer on this matter. The Court issued these instructions not to delay resolution, but to save time and resources if the parties can resolve aspects of the matter without judicial intervention. Any further filings that fail to comply will be disregarded.

Dated: New York, New York  
December 14, 2022

**SO ORDERED**

_____  
HONORABLE PAUL A. CROTTY  
United States District Judge