
**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

ALAN H. SCHEINER
*Senior Counsel*
Phone: (212) 356-2344
Fax: (212) 356-3509
Email: ascheine@law.nyc.gov

January 30, 2023

**BY ECF**
Honorable Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *Justin E. Baerga, et al. v. City of New York, et al.*, 21 Civ. 5762 (PAC)

Your Honor:

    I am a Senior Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York (the "City"), attorney for defendants. No conference is presently scheduled in this case. Defendants write to oppose plaintiffs' January 23, 2023 letter motion (ECF No. 138) (the "Letter"), requesting entry of a Proposed Civil Case Management Plan and Scheduling Order (ECF No. 139) (the "Proposed Plan").

    By a January 24, 2023 letter motion, defendants requested an opportunity to respond to the Proposed Plan by January 30, 2023 (to the extent that an extension was required), and requested a briefing schedule for a motion for a protective order pursuant to Fed. R. Civ. P. 26(c) to be filed by February 13, 2023. *See* DE No. 141. The request to respond to the Proposed Plan by January 30, 2023, was made with plaintiffs' agreement to not oppose the request. The Court has not ruled on the letter application.

    Defendants object to the Proposed Plan because it is overly ambitious with respect to the timing of discovery, in light of plaintiffs' pursuit of sweeping discovery regarding the application

of Gen. Mun. Law § 9.41 and related mental health programs in thousands of other individual incidents in their proposed discovery demands of December 1, 2023.  *See* Plaintiffs' Proposed Discovery Requests, December 1, 2022, Interrogatories Nos. 9–33, Document Requests Nos. 12–34 (submitted herewith as *Exhibit A*) ("Proposed Discovery Demands").

In their forthcoming motion for a protective order, defendants will address the disproportionality of the Proposed Discovery Demands and the need for phased discovery focusing first on the underlying Fourth Amendment violations alleged by the individual plaintiffs, in light of the weakness of plaintiffs' policy-based claims under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), the Americans with Disabilities Act (and related statutes), and claims for injunctive relief.  *See* Def. Mem. in Opposition to Plaintiffs' Motion for Expedited Discovery, DE No. 131, at Points I.B & III; Memorandum of Law in Support of Defendants' Motion to Dismiss, DE No. 102 at Points III & VI; Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss, DE No. 106, at Points II–III.  But it is apparent on the face of the discovery requests that they exceed the limitations of Fed. R. Civ. P. 26(b), 33 and 34, in number, scope and burden.  They seek detailed information over the course of years (sometimes going back to December 1, 2014), on training, staffing, budgeting, and policy formulation.  *See* Proposed Discovery Demands.  The requests also include demands for documents regarding thousands of specific individual incidents involving non-parties.  *See id.* at Document Request Nos. 31–32.  Thus, plaintiffs' ambitions for discovery would require many more months than plaintiffs' proposed schedule allows.

Defendants' proposed schedule presumes that the Court will allow the phasing of discovery as defendants will request, and is intended to include only discovery on plaintiffs' individual Fourth Amendment claims, postponing discovery on policy-related issues.  Defendants propose

that after discovery is complete as to the underlying Fourth Amendment claims, the Court should determine whether and when discovery should proceed on any remaining issues. The time periods proposed by defendants in *Exhibit B* are typical for the plaintiffs' underlying Fourth Amendment claims, especially considering that there are four individual plaintiffs in this case.

This evening the Court denied plaintiffs' motion for expedited discovery.  *See* Opinion and Order, January 30, 2023, DE No. 142.  Accordingly, the schedule proposed by defendants in their Proposed Civil Case Management Plan and Scheduling Order (submitted herewith as *Exhibit B*) presumes that there is no expedited discovery.  If there were any significant expedited discovery, it would be inconsistent with completing the discovery on the schedule defendants have proposed.

Accordingly, plaintiffs' January 23, 2023 motion should be denied.  Defendants respectfully request that the Court refrain from setting a discovery schedule until after it has considered defendants' forthcoming motion for a protective order.  In the alternative, should the Court be inclined to enter a schedule, defendants respectfully request that the Court enter the schedule defendants propose in *Exhibit B*, although defendants respectfully reserve the right to request an extension of that schedule should their motion for a protective order be denied.

We thank the Court for its consideration of this matter.

Respectfully submitted,

*Alan H. Scheiner* /s/

Alan H. Scheiner
*Senior Counsel*

cc: All Counsel (via ECF)