

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

ALAN H. SCHEINER
*Senior Counsel*
Phone: (212) 356-2344
Fax: (212) 356-3509
Email: ascheine@law.nyc.gov

February 17, 2023

**BY ECF**
Honorable Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Justin E. Baerga, et al. v. City of New York, et al.*, 21 Civ. 5762 (PAC)

Your Honor:

I am a Senior Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York (the "City"), attorney for defendants. Pursuant to the Docket Annotation on February 15, 2023, defendants write in response to Plaintiffs' February 14, 2023 application (ECF No. 144). No conference is presently scheduled in this case.

Plaintiff's application is procedurally improper and its purpose is obscure. On February 7, 2023, plaintiffs' counsel advised the City that they wished to amend the complaint and asked if defendants would consent. On February 9, 2023, defendants' counsel stated that they could not respond to such a request in the absence of a proposed amended complaint. Plaintiffs did not respond to that message, and never indicated that they intended to file their most recent application. Thus, plaintiff's application violates the Court's December 14, 2022 Order mandating that counsel consult with one another prior filing any application. (ECF No. 119). For that reason alone, the Court should disregard plaintiff's February 14, 2023 letter.

If plaintiffs intend their letter to be a pre-motion letter pursuant to the Court's individual practices, seeking permission to move to amend, it is even more improper as they did not discuss filing a pre-motion letter with defendants. *See* Individual Practices, Rule No. 3, A–D. Such a pre-motion letter is also improper because plaintiffs have not provided the defendants or the Court with a proposed amended complaint, and therefore it is impossible for defendants to take a position or respond to any proposed amendment without seeing it. Plaintiffs are, of course, free to submit a pre-motion letter pursuant to the Court's individual practices, *after* they have provided the proposed amended complaint to defendants' counsel and the parties have had a reasonable opportunity to confer. To the extent that plaintiffs are asking the Court for permission to make their motion without a pre-motion letter, or suggest that the Court should take any action (or refrain from any action) as a result of their purported intent to move to amend, defendants object to it.

Specifically, to the extent that plaintiffs intend their proposed motion to amend to alter or delay the outcome of defendants' pending motion to dismiss (ECF No. 101), it should not do so. As an initial matter, if plaintiffs move for leave to amend their complaint, the Court may deny such leave. Also, on the face of plaintiffs' letter, the anticipated amendment will not affect the bases of defendants' pending motion. Plaintiffs state vaguely that they "will seek to amend their complaint . . . to address concerns raised in the Court's Order of January 30, 2023." (ECF No. 144). In that Opinion and Order, the Court held plaintiffs lacked standing to seek a preliminary injunction or expedited discovery with respect to the Mayor's Directive of November 29, 2022. (ECF No. 142). As the plaintiffs' operative Amended Complaint is based on events pre-dating the Directive, allegations regarding the Directive should not affect the outcome of the pending motion.

In addition, plaintiffs give no reason why the Court should except their motion to amend from the pre-motion letter requirement. Accordingly, until a proper pre-motion letter is filed, the

- 3 -

Court should disregard plaintiffs' recent letter and proceed without regard to the plaintiffs' hypothetical motion to amend.

    Defendants thank the Court for its consideration of this matter.

Respectfully submitted,

*Alan H. Scheiner* /s/

Alan H. Scheiner
*Senior Counsel*

cc:    All Counsel (via ECF)