<u>Via ECF</u>

June 8, 2023

Hon. Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

RE:     <u>Baerga, et al. v. City of New York, et al.</u>, No. 21-cv-5762-PAC (S.D.N.Y.)

Dear Judge Crotty:

We write on behalf of all Plaintiffs in the above-referenced putative class action pursuant to Your Honor's Individual Practices Rules #1A and #3C to inform the Court that the parties have reached an impasse on whether discovery on the *Monell* claims, organizational claims, and class claims (collectively, the "municipal liability claims") should proceed in the ordinary course, or be stayed until after discovery on the individual claims is complete and the Court rules on those claims on summary judgment. The parties met and conferred telephonically on June 1, 2023 but were unable to reach an agreement. Plaintiffs respectfully request that the Court so-order their proposed schedule, enclosed as Exhibit A, and compel Defendants to "provid[e] the statutory Rule 26 discovery called for at this particular stage" of the case, including discovery on the municipal liability claims, consistent with the guidance the Court provided at the September 27, 2022 conference. Ex. B (transcript of the September 27, 2022 conference) at 5-6.

At the September 27 conference, which Defendants requested to discuss their proposed motions seeking (i) bifurcation of the municipal liability claims from the individual claims, or, in the alternative, (ii) a stay of all discovery, except plaintiff Sarah Arvio's individual claims, pending resolution of Defendants' motion to dismiss, the Court indicated that it was strongly inclined to deny both motions. Ex. B at 6 ("If the city makes the motion, it will be denied. And I

Hon. Paul A. Crotty                                                                                                              June 8, 2023

counsel . . . the city, to engage in the Rule 26 discovery which is appropriate at this time.") Despite the Court's guidance, Defendants have since refused to agree to any discovery schedule that does not postpone municipal liability discovery until after all discovery on the individual claims is complete and the Court rules on Defendants' motions on summary judgment on those claims. Defendants' demand to bifurcate discovery in this fashion amounts to an attempt to relitigate the Court's prior rejection of their motion to bifurcate the claims and would give rise to the same inefficiencies and prejudicial effects described in Plaintiffs' August 3, 2022 pre-motion letter opposing bifurcation, which the Court considered at the September 27 conference. Ex. C (Dkt. No. 98). As Plaintiffs explained in that submission, "[t]he standards applicable to motions to bifurcate discovery appear to be the same as those addressed under Fed.R.Civ.P. 42(b) governing separate trials, namely . . . for convenience, to avoid prejudice, or to expedite and economize." *Id.* at 2 (quoting *Charvat v. Plymouth Rock Energy, LLC*, No. 15-cv-4106, 2016 WL 207677, at *1 (E.D.N.Y. Jan. 12, 2016)).

The same factors that counseled against bifurcating claims also apply to bifurcating discovery in the manner Defendants seek. *First*, by needlessly delaying class discovery, Defendants' approach would undercut the Court's ability to fulfill its obligation under the Federal Rules to decide class certification "at an early practicable time." *See* Fed. R. Civ. P. 23(c)(1)(A); *see generally* Ex. C. Defendants propose at least six months of discovery on the *individual claims alone*, followed by summary judgment on the individual claims, only after which the parties would negotiate a schedule for discovery on the municipal liability claims, as well as class certification motions. Accounting for the time required to brief and decide summary judgment on the individual claims, as well as the additional time needed to pursue class discovery sequentially—as opposed to taking class discovery concurrent with individual

Hon. Paul A. Crotty                                                                                              June 8, 2023

discovery—this would delay class certification motions by one year at the very least.  Such delay would be extremely prejudicial to Plaintiffs and the putative class, who continue to be subjected to the unconstitutional policies at issue.  *See generally* Ex. C.  *Second*, Defendants' entire rationale for bifurcation of discovery rests on the same mistaken premise as their request to bifurcate the claims: that the municipal liability claims cannot be sustained without the individual claims.  As shown in Plaintiffs' August 3 pre-motion letter, this premise is wrong, and delaying discovery on this basis would yield needless inefficiency.  *See* Ex. C at 3-4; *see also Fleming v. City of New York*, 2023 WL 1861223 at *3 (S.D.N.Y. Feb. 09, 2023) (denying the City's motion to bifurcate *Monell* discovery as "the City's liability is . . . not based solely on the acts or omissions of the individually named defendants" and "the City may be subject to *Monell* liability even if . . . plaintiff settled with or abandoned the suit against individual defendants").  *Third*, given that here, "discovery relating to class issues overlaps substantially with merits discovery, . . . bifurcation will result in duplication of efforts and needless line-drawing disputes." Ex. C at 3 (quoting *Cunningham v. Big Think Capital Inc.*, 2021 WL 4407749, at *3 (S.D.N.Y. Sept. 27, 2021)).  *Fourth*, Defendants have made no specific showing of the burden municipal liability discovery would impose.  *See* Ex. C at 6.  By contrast, Plaintiffs are committed to negotiating a reasonable scope of discovery,[1] consistent with the Court's prior guidance, focused in its initial stages on information to support their class certification motion, such as centrally stored data.

      Plaintiffs respectfully request that the Court so-order their proposed schedule enclosed here, which provides for the commencement of discovery in the ordinary course, without the needless bifurcation, line drawing, or delays in Defendants demand.

---

[1] The parties have agreed to submit initial disclosures by July 7, 2023.

Hon. Paul A. Crotty                                                                                              June 8, 2023

Respectfully submitted,

*/s/ Dennis D. Kitt*
Richard Schwed
Dennis D. Kitt
Zhaohua Huang
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York, 10022-606
rschwed@shearman.com
dennis.kitt@shearman.com
zhaohua.huang@shearman.com
Tel.: (212) 848-4000
Fax: (212) 848-7179

Jonathan C. Moore
Luna Droubi
Deema Azizi
Jeff Kinkle
BELDOCK LEVINE & HOFFMAN LLP
99 Park Avenue PH/26th Floor
New York, New York 10016
jmoore@blhny.com
ldroubi@blhny.com
dazizi@blhny.com
jkinkle@blhny.com
Tel.: (212) 277-5874
Fax: (212) 277-5880

Marinda van Dalen
Ruth Lowenkron
NEW YORK LAWYERS FOR THE
PUBLIC INTEREST
151 West 30th Street, 11th Floor
New York, New York, 10001-4017
mvandalen@nylpi.org
rlowenkron@nylpi.org
Tel.: (212) 244-4664
Fax: (212) 244-4570

Jenny Marashi
MARASHI LEGAL
930 Grand Concourse, #1E
Bronx, New York 10451
marashi.legal@gmail.com
Tel.: (917) 703-1742
Fax: (718) 585-3400

*Counsel for Plaintiffs*

cc: All Counsel of Record (via ECF)