

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**JEFFREY F. FRANK**
*Assistant Corporation Counsel*
Email: jefrank@law.nyc.gov
Cell: (929) 930-0780
Tel: (212) 356-3541

June 13, 2023

**VIA ECF**
Honorable Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Steven Greene, et al. v. City of New York, et al.*, 21 Civ. 5762 (PAC)

Your Honor:

I am an Assistant Corporation Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and one of the attorneys representing defendants in the above-referenced matter. No conference is presently scheduled in this case. Defendants write to respectfully request that the Court endorse the discovery schedule proposed herein. *Exhibit A*.

By June 16, 2023, defendants will file their partial motion to dismiss the second amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). The parties agree that discovery should commence during that motion's pendency but disagree as to whether discovery should be phased. Plaintiffs purport to rely on the Court's guidance at the September 27, 2022 conference that discovery should proceed while the motion to dismiss is pending. ECF No. 172 at 1–2 (citing transcript of that conference). However, plaintiffs misconstrue the Court's instructions and defendants' position.

Previously, defendants intended to move for bifurcation or a stay of discovery on *all* claims that were the subject of their partial motion to dismiss the first amended complaint. ECF No. 91

at 1. Thereafter, the parties failed to agree on a proposed discovery schedule and instead focused on opposing plaintiffs' applications—for a temporary restraining order and preliminary injunction, ECF Nos. 108–112, and for expedited discovery on an initiative announced November 29, 2022, ECF Nos. 121–124. On January 30, 2023, the Court denied both of plaintiffs' applications, holding plaintiffs lacked standing. ECF No. 142. On February 14, 2023, plaintiffs informed the Court of their intent to amend their complaint, ECF No. 144, but they did not do so until April 20, 2023. ECF No. 155. Only recently, on May 18, 2023, did plaintiffs renew their efforts to set a discovery schedule in this case. The parties then met and conferred on June 1, 2023, and agreed to submit these letters so the Court could resolve this dispute.

Indeed, on September 27, 2022, the Court instructed that "discovery ought to be phased in," ECF No. 172-2 at 5:17, starting with an "exchange of basic information," *id.* at 5:20, which would entail "providing the statutory Rule 26 discovery called for *at this particular stage*," *id.* at 6:01–02 (emphasis added). The Court also stated it may "truncate the discovery" if what is sought at this stage is not legitimate or practical. *Id.* at 6:02–03. Heeding those instructions, and in the interest of efficiency, defendants propose that conducting discovery in phases is most practical. Plaintiffs refused and instead seek to conduct all discovery concurrently. ECF No. 172 at 2–3. This is the crux of the dispute between the parties.

Defendants' propose[1] starting with discovery on the six individual plaintiffs' claims (some of which defendants are not moving to dismiss at this time) ("Phase I.") "Phase II" would then involve the "pre-certification" discovery needed for plaintiffs' to move for class certification, *see* ECF No. 172 at 3 (proposing that the initial stages of discovery focus on "information to support

---

[1] Defendants have continued to consider the most practicable and efficient method for conducting discovery and, upon review of plaintiffs' submission, propose the schedule herein.

[plaitniffs'] class certification motion). After completing the first two phases of discovery, plaintiffs could then move for class certification, and defendants could move for summary judgment to determine whether further discovery on the municipal liability claims is necessary.

This is most practical because *Monell* liability is derivative. Of course, plaintiffs must first prove an underlying constitutional violation, whether or not it is pled as a claim—for "a *Monell* claim cannot succeed without an independent constitutional violation." *Anilao v. Spota*, 27 F.4th 855, 873–74 (2d Cir. 2022) (citing *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006)); *see, e.g.*, *Walker v. City of New York*, 14-CV-680 (WFK) (PK), 2018 U.S. Dist. LEXIS 58380, at *12 (E.D.N.Y. Mar. 30, 2018) ("A plaintiff may only pursue a *Monell* claim based upon an actual deprivation of his constitutional rights by persons acting under color of state law, even if the municipality's policy otherwise permits or encourages constitutional violations." (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986))). Hence, defendants propose a third phase of discovery on the municipal liability claims—including those under *Monell*, by the organizational plaintiffs, and for class relief. ("Phase III.")

Phasing discovery would not only avoid the burden upon defendants of conducting all discovery at once but also provide a timetable for plaintiffs to seek class certification. By contrast, plaintiffs' proposed discovery schedule is inherently burdensome: it would entail conducting concurrent discovery on claims advanced by six individual plaintiffs and four organization plaintiffs who, all together, allege six separate incidents, assert seven causes of action (including three for municipal liability), seek to certify a class, and demand damages and sweeping injunctive relief that, if granted, would supplant a state statute. Accordingly, defendants respectfully request that the Court endorse their proposed discovery schedule, *Exhibit A*, allowing for discovery to be phased in the manner described herein.

Defendants thank the Court for its consideration of this matter.

Respectfully submitted,

/s/ Jeffrey Frank

Jeffrey F. Frank
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:   Plaintiffs' Counsel (via ECF)