UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
JUSTIN BAERGA, et al., :
: 21-CV-05762 (PAC)
*Plaintiff(s)*, :
- against - :
: **ORDER**
CITY OF NEW YORK, et al., :
:
*Defendant(s)*. :
---------------------------------------- x

In a conference before the Court on June 28, 2023, the parties presented dueling discovery schedules. The Court took the matter under advisement. The Court now adopts in part Defendants' scheduling order filed on June 13, 2023. *See* ECF No. 173, Ex. A.

To start, given (1) the *Monell* injuries complained of are not *solely* attributable to the actions of named individual defendants and (2) the reluctance of courts to bifurcate class claims from individual ones, the Court declines to bifurcate discovery into Defendants' proposed phases. *See Fleming v. City of New York*, No. 18-CV-4866 (GBD)(JW), 2023 WL 1861223, at *3 (S.D.N.Y. Feb. 9, 2023); *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 299 (S.D.N.Y. 2012) ("[C]ourts are reluctant to bifurcate class-related discovery from discovery on the merits."). However, the Court agrees with Defendants that some form of discovery management is warranted. Specifically, the Court sees reason to stay discovery of the *Monell* claims, the merits of the class claims, and the merits of the organizational plaintiffs' claims pending the resolution of Defendants' recently filed motion to dismiss. It will allow discovery to proceed for the individual plaintiffs' underlying claims, standing for the organizational plaintiffs, and limited discovery necessary for plaintiffs' motion for class certification.

Pursuant to Rule 26(c), "upon a showing of good cause a district court has considerable discretion to stay discovery." *Integrated Sys. & Power, Inc. v. Honeywell Int'l*, No. 09 CV 5874

1

(RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009). The Court may account for "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Felix v. City of New York*, No. 16-CV-5845 (AJN), 2016 WL 11708369, at *2 (S.D.N.Y. Sept. 6, 2016) (quotations omitted). The Defendants have adequately demonstrated that complete discovery on these broad, highly sensitive claims would be burdensome, particularly because they may not survive the pending motion to dismiss. *See Benitez v. Lopez*, No. 17-CV-3827-SJ-SJB, 2018 WL 11159406, at *2 (E.D.N.Y. May 7, 2018) ("[S]hould the *Monell* claim not survive, it would require the potential unnecessary expenditure of significant time and resources[.]"). The Court recognizes, however, that Plaintiffs have an interest in resolving their claims expeditiously, rendering an indefinite delay of this discovery prejudicial.

Therefore, balancing the interests of both parties, the Court stays portions of Plaintiffs' discovery and so adopts Defendants' proposed schedule—docketed as Exhibit A to ECF No. 173—to apply to discovery for the individual plaintiffs' underlying claims, standing for the organizational plaintiffs, and limited discovery necessary for plaintiffs' motion for class certification.[1] The Court stays discovery of Plaintiffs' *Monell* claims, the merits of the class claims, and the merits of the organizational plaintiffs' claims pending the outcome of the motion to dismiss. The Court will revisit the issue of the stayed discovery when the motion is resolved.

Date: June 29, 2023                                              SO ORDERED

                                                                 /s/ Paul A. Crotty
                                                                 Paul A. Crotty
                                                                 U.S. District Judge

---

[1] The parties may raise any further discovery disputes with the Court when they arise.

2