UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

STEVEN GREENE, ET AL.,

                                              Plaintiffs,

        -against-

THE CITY OF NEW YORK, ET AL.,

                                              Defendants.

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

21 Civ. 05762 (LAP)

------------------------------------------------------------------------ X

        **WHEREAS**, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, the parties may be required to produce information that constitutes, in whole or in part, protected and confidential information in the course of discovery in this action;

        **WHEREAS,** good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for plaintiff and defendant(s) that documents and information shall be produced in accordance with the terms set forth below:

    1. Any party or non-party who produces Confidential Material in this action may designate it as "Confidential" consistent with the terms of this Order. "Designating Party" means the party or non-party who so designates the protected information; "Receiving Party" means the party or non-party to whom such information was produced or disclosed."

    2. As used herein, "Confidential Material" shall mean:

      (A) Non-public New York City Police Department ("NYPD") employment/personnel related records;

1

(B) Non-public records from Civil Complaint Review Board, NYPD Internal Affairs Bureau, other NYPD divisions, or any other governmental agency;

(C) Non-public NYPD training materials, including, but not limited to, the non-public sections of the Patrol Guide, Administrative Guide, Operation Orders, and training manuals;

(D) Any personal identifying information of non-parties, including but not limited to names, addresses, phone numbers, to the extent exchanged during discovery. For any party or non-party, any social security numbers, financial account numbers, passwords, or other information that may be used for identity theft, to the extent exchanged during discovery;

(E) Other documents and information that may in good faith, during the pendency of this litigation, be designated Confidential Material by the parties or the Court.

3. The documents and information defined in paragraph 2(A)-(D) shall not be Confidential Material only to the extent, that they: (a) relate to the incidents underlying the Complaint in the action (b) are lawfully obtained from sources other than defendants, (c) are lawfully obtained pursuant to the New York Freedom of Information Law ("FOIL") or the Federal Freedom of Information Act ("FOIA") or (d) are otherwise publicly available.

4. Nothing in the Confidentiality Stipulation and Protective Order shall be construed as an agreement to produce any category of discovery materials or as a waiver of any objection to the discoverability, relevance, or admissibility of any matter.

5. Nothing in this Confidentiality Stipulation and Protective Order shall limit the parties' rights to redact personal, confidential, or privileged information before producing any document.

6. Any documents provided by a third party in this Action, by request or pursuant to a subpoena, and that are designated as Confidential Material by defendants shall be governed by the terms of this Confidentiality Stipulation and Protective Order.

7. The parties shall have a reasonable time to inspect and designate as Confidential Material documents sought from third parties.

8. The Designating Party shall designate documents Confidential Material by labeling such documents "Confidential" and/or by designating such documents by bates number in a writing directed to the Receiving Party. Whenever possible, the Designating Party must designate only those portions of a document, deposition, transcript, or other material that contain the protected information and refrain from designating entire documents.

9. The disclosure of documents or information without designating it as Confidential Material shall not constitute a waiver of the right to do so post-production. The parties to this action reserve the right to designate any document confidential pursuant to this Confidentiality Stipulation and Protective Order if necessary after production of such documents. If so designated, the document or information shall thenceforth be treated as Confidential Material subject to all the terms of this Confidentiality Stipulation and Protective Order. Individuals who reviewed the non-designated material prior to notice of their new confidential designation shall abide by the provision of this Confidentiality Stipulation and Protective Order with respect to all future use and disclosure of said material.

10. Inadvertent, unintentional production of any document or information which is privileged, confidential, was prepared in anticipation of litigation, or that is subject to *in camera* review by the Court, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of the Designating Party's right to object to the use of any such document or the information contained therein during any proceeding in this Action or otherwise. The Receiving Party shall immediately return or destroy such documents and information, shall provide a certification of counsel that all inadvertently disclosed material has been returned or destroyed, including any copies, and shall not use such material for any purpose.

11. To the extent documents or information that is otherwise privileged is intentionally produced, such privileged documents or information shall be designated as Confidential Material.

12. If one of the parties, parties', attorneys or anyone on a party's behalf make public representations, the substance of which concerns, or is contained in, the Confidential Material, the other party's attorneys may move the Court, on an expedited basis, for relief.

13. Information that is produced or exchanged in the course of this action and designated under this Order may be used solely for the preparation, trial, and any appeal of this action, as well as related settlement negotiations, and for no other purpose, without the written consent of the Designating Party.

14. No designated information may be disclosed to any person except in accordance with the terms of this Order. All persons in possession of designated information

agree to exercise reasonable care with regard to the custody, use or storage of such information to ensure that its confidentiality is maintained.

   15.  If a Receiving Party disagrees at any time with any designation(s) made by the Designating Party, the Receiving Party must first try to meet and confer in good faith with the Designating Party to resolve such challenge. If the objection cannot be resolved among the parties, the Receiving Party may request that the Court remove the designation. At all times, the Designating Party carries the burden of establishing the propriety of the designation and protection level.

   16. Unless and until the challenge is resolved by the parties or ruled upon by the Court, the designated information will remain protected under this Order. The failure of any Receiving Party to challenge a designation does not constitute a concession that the designation is proper or an admission that the designated information is otherwise competent, relevant, or material.

   17. The parties and all persons subject to this Order agree that information designated as "Confidential" may only be accessed or reviewed by the following:

  (A) The Court, its personnel, and court reporters;

  (B) Counsel of record for any party in this action and their employees who assist counsel of record in this action and are informed of the duties hereunder;

  (C) The parties, including their agents and employees who are assisting or have reason to know of this action, and any witness whose testimony may be offered at any proceeding in this action or whose involvement in this action would assist the party in preparation, trial, or appeal of this action, so long

as each such agent, employee, or witness has signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit A;

(D) Experts or consultants retained by the parties or their counsel for purposes of this action, so long as each such expert or consultant has signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit A; and

(E) Other witnesses or persons with the Designating Party's written consent or by court order.

18. Deposition testimony concerning any Confidential Material which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be deemed to be Confidential Material within the meaning of this Stipulation of Confidentiality and Protective Order.

19. If Confidential Material is used at a deposition, the parties may designate those deposition exhibits and portions of deposition testimony as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Material, and can request that the court reporter/stenographer bind the designated testimony as a separate transcript and with a cover page prominently marked "Confidential Information Governed by Confidentiality Stipulation and Protective Order;" or (b) notifying the court reporter/stenographer and all attorneys of record, in writing, within 30 days after a deposition transcript has been received (during which time the entire deposition will be considered Confidential Material), of the specific pages and lines of the transcript that are to be designated Confidential Material, in which event the parties receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control.

Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Confidentiality Stipulation and Protective Order.  Failure to make such designations does not constitute a waiver of confidentiality.

20. If any paper which incorporates any Confidential Material or reveals the contents thereof is filed in this Court, those portions of the papers shall be filed under seal, in accordance with the rules of the district court in which the Action is filed and/or the Individual Rules of the judge to whom the papers are directed.

21. If any paper which incorporates any Confidential Material or reveals the contents thereof is filed in this Court, but the confidential information is not material to issues addressed in court submissions, and the parties agree in writing that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court.

22. In the event that the Confidential Material or the contents thereof may be disclosed at a court hearing or at trial, the Court may impose appropriate safeguards for the presentation of such Confidential Material.  The parties agree to meet and confer in good faith regarding the redaction of any Confidential Material that they may seek to enter into evidence at a court hearing or trial.

23. This Confidentiality Stipulation and Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Material is produced or disclosed.  All documents or information that have been designated Confidential Material pursuant to this Confidentiality Stipulation and Protective Order, including all copies and non-conforming copies thereof, shall remain confidential for

all time.  Once the Action has been resolved, including all appeals, the Confidential Material, including all conforming or non-conforming copies thereof, shall not be used by the Receiving Party, or anyone receiving confidential documents pursuant to paragraph 16 herein, for any purpose.

24. Within 60 days after the termination of this Action, including any appeals, the Confidential Material, including all copies (other than the Court's copies of such material), shall be returned to the Designating Party's attorneys or, upon the Designating Party's attorneys' consent, destroyed; except that counsel for the Receiving Party may retain one copy of the Confidential Material, and any Confidential Material containing plaintiffs' attorney work product (including but not limited to, notes, and other materials containing or referring to the contents of Confidential Material), to the extent required to comply with applicable law or regulation, so long as appropriate and reasonable safeguards (at least as stringent as those used to protect the Receiving Party's own information of similar nature) are imposed to prevent the use of the Confidential Material for any other purpose.  Confidential Material uploaded to a database or review platform, including any backups, and which cannot reasonably be deleted, must be quarantined and secured to prohibit access to the Confidential Material and shall also be safe guarded by counsel for the Receiving Party in the same manner as described in this paragraph. This provision does not apply to medical records and information regarding Plaintiff that is produced either by Defendants or by a non-party to Plaintiff; Plaintiff and his counsel may maintain copies of such medical records and information.

25. This Confidentiality Stipulation and Protective Order shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

26. The Court will retain jurisdiction over all persons subject to this Confidentiality Stipulation and Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

27. The terms of this Confidentiality Stipulation and Protective Order shall be binding upon all current and future parties to this Action and their attorneys.

28. This Confidentiality Stipulation and Protective Order may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Confidentiality Stipulation and Protective Order, which shall be binding upon and effective as to all Parties.  The facsimile, scanned or signed pursuant to Rule 5 of the signatories shall be deemed the "original" for the purpose of signing this Confidentiality Stipulation and Protective Order.

29. Nothing in this Confidentiality Stipulation and Protective Order shall be construed to limit a party's use material or information they designated as Confidential Material for any other purpose.

Dated: New York, New York

May 6, 2025

| | |
|---|---|
| ALLEN OVERY SHEARMAN STERLING LLP<br>*Attorneys for Plaintiffs*<br>599 Lexington Avenue<br>New York, NY 10022<br>212-610-6407<br><br>By: /s/ Justin Ormand<br>     Justin Ormand | MURIEL GOODE-TRUFANT<br>Corporation Counsel of the<br>   City of New York<br>*Attorney for Defendants*<br>100 Church Street, 3rd Floor<br>New York, New York 10007<br><br>By:     /s/ John Schemitsch<br><br>John Schemitsch<br>*Senior Counsel* |

SO ORDERED:

*/s/ Loretta A. Preska*

Judge Loretta A. Preska
UNITED STATES DISTRICT COURT JUDGE

Dated: May 7, 2025

<u>EXHIBIT A</u>

The undersigned hereby acknowledges that s/he has read the Confidentiality Stipulation and Protective Order dated _____, entered into the Action entitled _____, and understands the terms thereof.  The undersigned agrees not to use the Confidential Material defined therein, or the contents thereof, for any purpose other than in connection with the preparation, evaluation or presentation of this case, and will not further disclose the Confidential Material or the contents thereof except in testimony taken in this case.

Date: _____

Signature: _____

Print Name: _____

Occupation:_____